TURTLE COVE INC.
Plaintiff-Appellant

v.

ESTATE OF ANA B. AGUON
represented by Manuel L. G.
Perez, Special Administrator
Defendant-Appellee

Civil No. 78-0401A
District Court of Guam, Appellate Division
August 29, 1979

- - - - -

- - - - -

DUENAS and STEPHENS, District Judges, and HEFNER, Designated Judge

## OPINION

PER CURIAM:

This is an appeal by plaintiff-appellant Turtle Cove, Inc., (hereinafter "Turtle Cove") from a decision of the Superior Court of Guam granting a motion for summary judgment in favor of defendant-appellee Estate of Ana B. Aguon (hereinafter "Aguon").

Aguon owned a parcel of property, Lot 165-1. Municipality of Yona, which is officially designated Ylig Bay. On May 1, 1972 Aguon, as landlord, and Integrated Development Agency, Inc., (hereinafter "IDA"), as tenants, entered into a lease agreement whereby IDA leased the subject lot for a term of fifty-five (55) years.

The lease has a provision providing that the tenant shall have quiet use and enjoyment of the premises during the lease term.

IDA took possession of the property and proceeded to explore the possibility of its commercial development as a tourist facility. IDA expended about $200,000 toward this end by September 1972. On about September 15, 1972, IDA sublet a portion of Lot 165-1 to plaintiff-appellant Turtle Cove. Aguon gave express written consent to the sublease as required by the lease with IDA.

Thereafter, Turtle Cove entered upon the property and expended large sums of money to develop portions of the property.

On or about September 19, 1972, a quiet title action affecting Lot 165-1 was filed by Francisco and Josefina Roberto as Civil Case No. 154-72, District Court of Guam, naming Aguon as defendant. A Notice of Lis Pendens was filed in conjunction with the lawsuit which had an immediate impact on Turtle Cove's development financing. The ensuing litigation lasted thirty-three months including an appeal to the Ninth Circuit. The final judgment was in favor of Aguon establishing that Aguon held title as against the Robertos.

On July 27, 1978, Turtle Cove filed its amended complaint naming the Aguon estate (the Aguons passed away during the intervening years) and IDA as defendants. A breach of the covenant of quiet enjoyment is alleged in paragraph XII of the First Cause of Action which contains the following language:

"Aguon breached the covenant of quiet enjoyment as to plaintiff Turtle Cove in that at the time express approval was given to the sublease between IDA and Turtle Cove. Aguon had in fact not perfected title to the property,

201

thereby creating circumstances wherein an action to quiet title was brought against Aguon in Civil Action No. 154-72, District Court of Guam. . ."

On August 30, 1978, a motion for summary judgment was filed by Aguon. The trial court found in favor of Aguon. Turtle Cove filed a Notice of Appeal for review of the question of Aguon's alleged breach of the covenant of quiet enjoyment as set forth in the First Cause of Action.

Turtle Cove has not supported its claim on the averment of paragraph XII of the First Cause of Action to the effect that Aguon had not perfected title to the property. The final outcome of the quiet title action settled this issue. Turtle Cove contends that there was a long standing dispute with respect to the ownership of Lot 165-1, Yona, between the Aguons and the Robertos, which dispute had been disclosed to Turtle Cove or IDA. There is no averment in the complaint to support this concept.

Aguon's covenant of quiet enjoyment imposed an obligation to defend against the claims of third parties claiming paramount title. Aguon did so, first in the trial court and then on appeal. Aguon could not prevent litigation of unsupportable claims which might be made by strangers to the title.

The situation which has caused economic loss to the lessee as a result of delays incident to litigation is not analogous to the cases cited by plaintiff's counsel. All of such cases have had an element of fault on the part of the landowner which resulted in interference with quiet enjoyment of the demised premises whether the fault was before or after the execution of a lease. The commencement of litigation by a third party claiming title was not shown to be the fault of Aguon.

AFFIRMED.